UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05 - 10648 GAO

SCOTT SIEGAL,

Plaintiff,

vs.

MASCOT PETROLEUM COMPANY, INC.
A SUBSIDIARY OF SUNOCO, INC. (R & M)[1]

Defendant.

MAGISTRATE JUDGE _____

Civil Action No. _____

### NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Defendant, Mascot Petroleum Company, Inc. a Subsidiary of Sunoco, Inc. (R & M) ("Sunoco"), respectfully submits that:

1. On or about March 17, 2005, Sunoco was served with a Summons and Complaint in a matter entitled Scott Siegal v. Mascot Petroleum Company, Inc. A Subsidiary of Sunoco, Inc. (R & M), Civil Action No. 05-0352, which was filed in Massachusetts Superior Court, Essex County. On March 17, 2005, Defendant also received a Tracking Order associated with this case.

2. The process, pleadings, and orders served upon Sunoco to date in this matter, copies of which are attached hereto as Exhibit A, are as follows:

   a. Summons;

   b. Complaint; and

---

[1] Defendant has been improperly named in this case as "Mascot Petroleum Company, Inc. a Subsidiary of Sunoco, Inc. (R & M)." In fact, Mascot Petroleum Company, Inc. is a division of Sunoco, Inc. (R&M).

      c.   Tracking Order.

3.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, because there is diversity of citizenship, all of the parties being of different states. In paragraph 2 of Plaintiff's Complaint, he states he is a resident of the Commonwealth of Massachusetts. Mascot Petroleum Company Inc. is a division of Sunoco. Sunoco is a corporation, which is incorporated in Pennsylvania and has its principal place of business in Pennsylvania. Further, Plaintiff has alleged causes of action, the potential recovery for which exceeds the $75,000 jurisdictional prerequisite, exclusive of interest and costs.

4.    Accordingly, this action is removable to this Court under 28 U.S.C. § 1441.

5.    Sunoco will notify the Essex Superior Court and all adverse parties of this Notice of Removal by filing with the Superior Court a Notice of Filing of Notice of Removal. A copy of that notification, which will be sent to the Essex Superior Court, is attached hereto as <u>Exhibit B</u>.

                              Respectfully submitted,

                              MASCOT PETROLEUM COMPANY, INC.
                              A DIVISION OF SUNOCO, INC. (R & M)

                              By its attorneys,

                              _/s/ Richard W. Paterniti_
                              David J. Kerman (BBO #269370)
                              Richard W. Paterniti (BBO #645170)
                              JACKSON LEWIS LLP
                              75 Park Plaza
                              Boston, Massachusetts 02116
                              (617) 367-0025

Dated: April 1, 2005

## CERTIFICATE OF SERVICE

This is to certify that on April 1, 2005, a copy of the foregoing document was served upon Plaintiff's attorney, Johannes Z. Zlahn, The Law Offices of Regan Associates Chartered, 45 School Street, Third Floor, Boston, MA 02108, by first-class mail, postage prepaid.

_____
Jackson Lewis LLP

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 5 0352

SCOTT SIEGAL
........................................................................................, Plaintiff(s)

v.

MASCOT PETROLEUM COMPANY, INC.
A SUBSIDIARY OF SUNOCO, INC. (R&M)
........................................................................................, Defendant(s)

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon **Johannes Z. Zlahn, Esq.** **Regan Associates, Chartered** plaintiff's attorney, whose address is **45 School St. 3rd Fl. Boston, MA 02018**, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at _____ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, **Barbara J. Rouse**, Esquire, at Salem, the 7th day of March, in the year of our Lord two thousand five

RECEIVED
MAR 17 2005
W. E. FLOWERS

*Thomas H. Driscoll Jr.*
Clerk

(Side margin: NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.)

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ___March 7___, 2005, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (see Mass. R. Civ. P. 4 (d) (1-5):

by mailing a copy thereof via certified mail, return receipt requested, to Mascot Petroleum Company, Inc. A Subsidiary of Sunoco, Inc. (R&M), Ten Penn Center, 1801 Market Street, Philadelphia 19103-1699

Dated: March 7, 20 05.

N.B. TO PROCESS SERVER:-
PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT</u>.

March 7, 20 05.

---

COMMONWEALTH OF MASSACHUSETTS
ESSEX, ss.
SUPERIOR COURT
CIVIL ACTION
No.

SCOTT SIEGAL
Plaintiff(s)

v.

Mascot Petroleum Company, Inc.
A Subsidiary of Sunoco, Inc. (R&M)
Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                                    ESSEX SUPERIOR COURT
                                                              C.A. NO.:

| | |
|---|---|
| SCOTT SIEGAL,<br>      Plaintiff | *<br>*<br>* |
| vs. | *<br>* |
| MASCOT PETROLEUM COMPANY., INC.<br>A SUBSIDIARY OF SUNOCO, INC. (R&M),<br>      Defendant | *<br>*<br>*<br>* |

## COMPLAINT AND JURY CLAIM

### INTRODUCTION

1. This civil action arises out of the employment of the Plaintiff, Scott Siegal (hereinafter "the Plaintiff") by the Defendant, Mascot Petroleum Company, Inc., a subsidiary of Sunoco, Inc. (R&M) (hereinafter "the Defendant"). The complaint is in two counts, seeking money damages and other relief on account of the Defendant's discriminatory treatment and termination of the Plaintiff. The claims include discrimination on the basis of race and unlawful/wrongful termination.

### THE PARTIES

2. The Plaintiff is an adult residing at 9 Abbott Road, Gloucester, Essex County, Commonwealth of Massachusetts.

3. The Defendant is a corporation duly organized and existing under the laws of the State of Pennsylvania, with a principal place of business at Ten Penn Center, 1801 Market Street, Philadelphia, Pennsylvania.

### FACTUAL BACKGROUND

4. The Plaintiff brings this action pursuant to the provisions of Massachusetts General Laws ("M.L.G.") Chapter 151B, Sections 4 and 9, for money damages to compensate him for the economic loss and other damages caused by the unlawful employment action taken against him by the Defendant because of his race.

5. On March 15, 2004, the Plaintiff filed a complaint with the Massachusetts Commission Against Discrimination ("MCAD"), alleging that the Defendant discriminated against him on the basis of his race by terminating his employment and replacing him with a member of another race.

6. The Plaintiff brings this action after more than ninety (90) days have elapsed from the time he originally filed his complaint of discrimination with the MCAD. Thus, the Plaintiff has satisfied all prerequisites to suit under M.G.L. Chapter 151B.

7. The Plaintiff began his employment with the Defendant in December, 2002 as a sales associate. From the date of his employment until April 8, 2003, the Plaintiff performed his job responsibilities satisfactorily and received no warnings, reprimands, or suspensions.

8. In or about February, 2003, a co-worker told the Plaintiff that an individual named Ishmael was returning to the United States "to get his job back." The co-worker then said to the Plaintiff "watch your back I've seen this sort of thing before, people will be falsely accused. One of us will be fired."

9. On April 8, 2003, the Plaintiff was involved in an accident and suffered back injury. Although he was experiencing pains in his back, the Plaintiff went to work on that day. Approximately two hours after he began his shift, the Plaintiff experienced increased pains and went to the hospital.

10. When he returned from the hospital on April 8, 2003, the Plaintiff provided his manager with a doctor's note, advising that the Plaintiff must remain out of work for two days.

11. On April 10, 2003, the Plaintiff was reevaluated by his doctor and was ordered to remain out of work until April 14, 2003. After another reevaluation of the Plaintiff on May 5, 2003, his doctor ordered him to remain out of work until May 11, 2003.

12. On May 6, 2003, the Plaintiff's manager terminated his employment on the ground that he had a cash shortage of $23.00.

13. On information and belief, Ishmael is a Parkistani Muslim and the Plaintiff's manager is an Egytian Muslim.

14. Two days after the Plaintiff was terminated by the Defendant, Ishmael was hired to replace the Plaintiff.

15. In or about May, 2003, the Plaintiff filed a complaint with the Defendant's ethics department, alleging that his manager had discriminated against him on the basis of his race. The Defendant promised to conduct an investigation and furnish the Plaintiff with its findings but failed to do so.

16. On information and belief, the Plaintiff was terminated in order for Ishmael to be employed.

17. On information and belief, the Plaintiff was terminated because he is a white person and the manager wanted tore place him, and did replace him, with a nonwhite person.

## COUNT I—M.G.L. c. 151B-DISCRIMINATION BASED ON RACE

18. The Plaintiff adopts and incorporates by reference paragraphs 1 through 17 of his complaint as set forth in full.

19. The Defendant, through the actions of its agents and employees acting within the course and scope of their employment, discriminated against the Plaintiff based on his race and national origin by terminating his employment, in violation of M.G.L. c. 151B.

20. As a direct result and foreseeable consequence thereof, the Plaintiff suffered loss of income and employment benefits, suffered other pecuniary and non-pecuniary losses and suffered humiliation, embarrassment and emotional and mental distress.

21. The Defendant, through the actions of its agents and employees acting within the course and scope of their employment, committed the above-described acts maliciously, with the wrongful intention of injuring the Plaintiff, and acted with improper and evil motive amounting to malice, and in conscious disregard of the Plaintiff's rights.

22. Because the actions taken towards the Plaintiff were carried out in a despicable, deliberate, cold, callous and intentional manner, with malice in order to injure the Plaintiff, the Plaintiff is entitled to punitive damages in an amount to be determined at trial.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant on each count, and demands that damages be established and Plaintiff be awarded same, together with costs, interest and reasonable attorney's fees.

## COUNT II—UNLAWFUL/WRONGFUL TERMINATION

23. The Plaintiff adopts and incorporates by reference paragraphs 1 through 22 of his complaint as set forth in full.

24. During the course of his employment with the Defendant, the Plaintiff performed his job responsibilities in a satisfactory manner and otherwise capably performed all tasks assigned to him.

25. The Defendant, through the actions of its agents and employees acting within the course and scope of their employment, unlawfully and wrongfully terminated the Plaintiff's employment in order to replace him with a nonwhite person. The Plaintiff's termination was unlawful and wrongful because it was based on his race.

26. As a direct result and foreseeable consequence thereof, the Plaintiff suffered loss of income and employment benefits, suffered pecuniary and non-pecuniary losses and suffered emotional and mental distress.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant on each count and demands that damages be established and the Plaintiff be awarded same, together with costs, interest and reasonable attorney's fees.

Plaintiff, Scott Siegal
By his attorney,

Regan Associates, Chartered

Johannes Z. Zlahn (BBO# 565218-B)
45 School Street, Third Floor
Boston, MA 02108
(617) 367-1100, Ext. 710

Commonwealth of Massachusetts
County of Essex
The Superior Court

CIVIL DOCKET# ESCV2005-00352-D

RE: Siegal v Mascot Petroleum Company Inc et al

TO: Johannes Z Zlahn, Esquire
45 School Street Third Floor
Boston, MA 02108

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 05/31/2005 |
| Response to the complaint filed (also see MRCP 12) | 07/30/2005 |
| All motions under MRCP 12, 19, and 20 filed | 07/30/2005 |
| All motions under MRCP 15 filed | 07/30/2005 |
| All discovery requests and depositions completed | 12/27/2005 |
| All motions under MRCP 56 served and heard | 01/26/2006 |
| Final pre-trial conference held and firm trial date set | 02/25/2006 |
| Case disposed | 04/26/2006 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to session D sitting in **CtRm 2 (Lawrence)** at Essex Superior Court.

Dated: 03/03/2005

Thomas H. Driscoll Jr.
Clerk of the Courts

BY: Philip Massa
Assistant Clerk

Location: CtRm 2 (Lawrence)
Telephone: (978) 687-7463

Disabled Individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website as to status of case: http://ma-trialcourts.org/tcic

cvdtract_2.wpd 530206 inidoc01 exarhose

COMMONWEALTH OF MASSACHUSETTS
ESSEX, ss.                                                                  SUPERIOR COURT

---

SCOTT SIEGAL,

    Plaintiff,

vs.

MASCOT PETROLEUM COMPANY, INC.    Docket No. 05-0352
A SUBSIDIARY OF SUNOCO, INC. (R & M)

    Defendant.

---

### NOTICE OF FILING OF NOTICE OF REMOVAL

To:    Civil Clerk's Office
        Essex County Superior Court
        43 Appleton Way
        Lawrence, MA 01841

PLEASE TAKE NOTICE that a Notice of Removal in the above action from the Superior Court, Essex County, has been duly filed in the U.S. District Court for the District of Massachusetts. Attached hereto as Exhibit A is a certified copy of that Notice of Removal.

                Respectfully submitted,

                MASCOT PETROLEUM COMPANY, INC.
                A DIVISION OF SUNOCO, INC. (R & M)
                By its attorneys,

                _____
                David J. Kerman (BBO #269370)
                Richard W. Paterniti (BBO #645170)
                JACKSON LEWIS LLP
                75 Park Plaza
                Boston, Massachusetts 02116
                (617) 367-0025

Dated: April _____, 2005

## CERTIFICATE OF SERVICE

    This is to certify that on April _____, 2005, a copy of the foregoing document was served upon Plaintiff's attorney, Johannes Z. Zlahn, The Law Offices of Regan Associates Chartered, 45 School Street, Third Floor, Boston, MA 02108, by first-class mail, postage prepaid.

_____
Jackson Lewis LLP

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **SCOTT SIEGAL V. MASCOT PETROLEUM COMPANY, INC. A SUBSIDIARY OF SUNOCO, INC. (R & M)**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [✓] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [✓]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [✓]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [ ]   NO [✓]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [✓]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [✓]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME **DAVID J. KERMAN AND RICHARD W. PATERNITI**
ADDRESS **JACKSON LEWIS LLP, 74 PARK PLAZA, BOSTON, MA 02116**
TELEPHONE NO. **617-367-0025**

(CategoryForm.wpd - 2/15/05)

%JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
SCOTT SIEGAL

## DEFENDANTS
MASCOT PETROLEUM COMPANY, INC.
A SUBSIDIARY OF SUNOCO, INC. (R &M)

**(b)** County of Residence of First Listed Plaintiff    **ESSEX**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    **PHILADELPHIA**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Johannes Z. Zlahn, Regan Associates Chartered
45 School Street, Third Floor, Boston, MA  02108  (617) 367-1100 x710

Attorneys (If Known)
David J. Kerman and Richard W. Paterniti, Jackson Lewis LLP
75 Park Plaza, Boston, MA  02116 (617) 367-0025

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury - Product Liability | | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
| | | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):   28 USC 1332 A
Brief description of cause:
Discrimination on the basis of race and unlawful/wrongful termination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $   77,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE   03/31/2005
SIGNATURE OF ATTORNEY OF RECORD
*[signature: Richard W. Paterniti]*

**FOR OFFICE USE ONLY**
RECEIPT #  _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____