## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SCOTT SIEGAL,

      Plaintiff,

          vs.

MASCOT PETROLEUM COMPANY, INC.
A SUBSIDIARY OF SUNOCO, INC. (R & M)[1]

      Defendant.

Civil Action No. 05-10648

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### MEMORANDUM OF DEFENDANT MASCOT PETROLEUM COMPANY, INC. A DIVISION OF SUNOCO, INC. (R&M)

Defendant, Mascot Petroleum Company, Inc. a Division of Sunoco, Inc. (R&M) ("Sunoco"), submits this Memorandum in support of its Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

### INTRODUCTION

Plaintiff Scott Siegal, a former employee of Defendant Sunoco filed a Complaint for race discrimination and unlawful/wrongful termination in Massachusetts Superior Court, Essex County, Civil Action No. 05-0352. On April 1, 2005, Sunoco removed the action to this Court on the grounds of diversity of citizenship.

Plaintiff, in his Complaint, alleges that Sunoco discriminated against him when his employment was terminated on May 6, 2003. Specifically, Plaintiff, a "Caucasian," alleges that a "Pakistani Muslim" was hired to replace him by his manager, an "Egyptian Muslim." (Compl. ¶¶13, 14).

---

[1] Defendant has been improperly named in this case as "Mascot Petroleum Company, Inc. a Subsidiary of Sunoco, Inc. (R & M)." In fact, Mascot Petroleum Company, Inc. is a division of Sunoco, Inc. (R&M).

Defendant Sunoco has now moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), because Plaintiff's cause of action for race/national origin discrimination in violation of G.L. c. 151B (Count I) is barred by the applicable statute of limitations, and because Plaintiff's wrongful termination claim (Count II) is barred and preempted by his exclusive statutory remedy under G.L. c. 151B.

## PLAINTIFF'S ALLEGATIONS[2]

Plaintiff's Complaint alleges that he was employed by Sunoco for approximately five months, and that his employment was terminated on May 6, 2003. (Compl. ¶¶7, 12). Plaintiff alleges that he filed a complaint with the Massachusetts Commission Against Discrimination ("MCAD") on or about March 15, 2004 in which he claimed that Defendant Sunoco discriminated against him based on his race/national origin. (Compl. ¶5). Plaintiff also alleges that he brought this action in Superior Court after more than 90 days had elapsed from the time he originally filed his complaint of discrimination with the MCAD. (Compl. ¶6).

Plaintiff's allegations of discrimination are based on the termination of his employment on May 6, 2003. (Compl. ¶¶5, 12, 19). Plaintiff also asserts a claim of wrongful termination (Count II), which is based on his allegation that his employment was terminated in order to replace Plaintiff with a "non-white person" and, therefore, his termination was "based on his race." (Compl. ¶25).

## ARGUMENT

**I.**     **Plaintiff's Claim of Discrimination Under G.L. c. 151B (Count I) is Barred Because Plaintiff Failed to File a Timely Charge of Discrimination**

To bring a claim of discrimination pursuant to G.L. c. 151B, a plaintiff must have filed a charge of discrimination with the MCAD within 300 days of the alleged discriminatory act. See

---

[2] The facts cited herein are cited only for purposed of this motion and Defendant does not admit to any of the facts averred by Plaintiff in his Complaint.

M.G.L. c. 151B, §5. The time period begins to run when the plaintiff is on notice of his claim. See e.g. Williams v. Raytheon Co., 220 F. 3d 16, 21 (1st Cir 2000). Courts routinely dismiss actions where the plaintiffs have failed to file timely charges. See e.g. Campbell v. Bank Boston N.A., 327 F. 3d 1, 10-11 (1st Cir 2003); American Airlines v. Cardoza-Rodriguez, 133 F. 3d 111, 123 (1st Cir 1998); Adamczyk v. Augat Inc., 52 Mass. App. Ct. 717, 723 (2001), review denied, 435 Mass. 1106 (2001).

Here, Plaintiff's cause of action for race/national origin discrimination accrued by May 6, 2003, the date Plaintiff alleges his employment was terminated. (Compl. ¶12). Indeed, Plaintiff alleges in his Complaint that Defendant Sunoco "discriminated against [him] on the basis of [his] race by terminating [his] employment and replacing [him] with a member of another race." (Compl. ¶5). Plaintiff also alleges in his Complaint that he filed a charge of discrimination with the MCAD on March 15, 2004, more than 300 days after the termination of his employment.[3] Because Plaintiff filed his charge more than 300 days after the alleged discriminatory act, Plaintiff's claim for race discrimination under G.L. c. 151B based on the May 6, 2003 termination of his employment is time-barred and must be dismissed.

## II.    Plaintiff's Claim for Wrongful Termination (Count II) is Barred by His Exclusive Remedy Under G.L. c. 151B

In Count II of Plaintiff's Complaint, Plaintiff attempts to recast his discrimination claim as a separate cause of action for wrongful termination. As is readily apparent from his Complaint, Plaintiff bases this claim on the same alleged facts: that he was discriminated against based on his race when his employment was terminated and he was replaced by a "non-white person." (Compl. ¶25).

---

[3] 300 days from March 15, 2004 is February 29, 2004.

It is well settled that G.L. c. 151B provides the "exclusive remedy for employment discrimination" and therefore preempts common law claims based on the same allegations. Frankina v. First National Bank of Boston, 801 F. Supp. 875, 884-885 (D.Mass. 1992), aff'd without op., 991 F.2d 786 (1st Cir. 1993); Charland v. Muzi Motors, Inc., 417 Mass. 580, 586 (1994); Green v. Wyman-Gordon Co., 422 Mass. 551, 558 (1996) (plaintiff's common law claims barred where they are "merely recast versions" of discrimination claims under G.L. c. 151B).

Applying this exclusivity principle, other Massachusetts state and federal courts have summarily dismissed discrimination claims cloaked as common law causes of action. See e.g. Choroszy v. Wentworth Inst. Of Tech., 915 F. Supp. 446, 451 (D. Mass. 1996) (common law claims of negligent hiring, retention, and supervision barred by G.L. c. 151B); Borase v. M/A-Com. Inc., 906 F. Supp. 65, 69 (D. Mass. 1995) (wrongful termination public policy claim barred by G.L. c. 151B); Frankina, 801 F. Supp. at 884-885 (breach of contract and implied covenant of good faith and fair dealing claims preempted by G.L. c. 151B); Melley v. Gillette Corp., 19 Mass. App. Ct. 511, 513 (1985), aff'd 397 Mass. 1004 (1986) (wrongful termination public policy claim barred by G.L. c. 151B).

Here, Plaintiff attempts to articulate a claim of wrongful termination based on the termination of his employment and the alleged hiring of a "non-white person" to replace him. Indeed, in Count II of the Complaint, Plaintiff alleges:

> The Defendant, through the actions of its agents and employees acting within the course and scope of their employment, **unlawfully and wrongfully terminated the Plaintiff's employment in order to replace him with a nonwhite person. The Plaintiff's termination was unlawful and wrongful because it was based on his race.**

(Compl. ¶ 25) (emphasis added).    Because Plaintiff in Count II is merely recasting his discrimination claim by alleging that he was wrongfully terminated "based on his race," and because G.L. c. 151B provides a comprehensive remedy for the alleged wrongdoing, Plaintiff is not entitled to bring a separate common law cause of action for wrongful termination.

For all of the foregoing reasons, Count II of Plaintiff's Complaint should be dismissed.

## CONCLUSION

For all the foregoing reasons, Plaintiff's Complaint against Defendant should be dismissed in its entirety.

Respectfully submitted,

MASCOT PETROLEUM COMPANY, INC.
A DIVISION OF SUNOCO, INC. (R & M)

By its attorneys,


/s/Richard W. Paterniti
David J. Kerman (BBO #269370)
Richard W. Paterniti (BBO #645170)
JACKSON LEWIS LLP
75 Park Plaza
Boston, Massachusetts  02116
(617) 367-0025

Dated:  April 20, 2005