Representing Management Exclusively in Workplace Law and Related Litigation

**jackson | lewis**
Attorneys at Law

Jackson Lewis LLP
75 Park Plaza
Boston, Massachusetts 02116
Tel 617 367-0025
Fax 617 367-2155
www.jacksonlewis.com

ATLANTA, GA | LOS ANGELES, CA | SACRAMENTO, CA
BOSTON, MA | MIAMI, FL | SAN FRANCISCO, CA
CHICAGO, IL | MINNEAPOLIS, MN | SEATTLE, WA
DALLAS, TX | MORRISTOWN, NJ | STAMFORD, CT
GREENVILLE, SC | NEW YORK, NY | WASHINGTON, DC REGION
HARTFORD, CT | ORLANDO, FL | WHITE PLAINS, NY
LONG ISLAND, NY | PITTSBURGH, PA

April 15, 2005

Clerk of Court
United States District Court
District of Massachusetts
U.S. Courthouse
1 Courthouse Way, Room 2300
Boston, MA 02210

    Re: Siegal v. Mascot Petroleum Company, Inc., a Subsidiary of
      Sunoco, Inc. (R & M)
      <u>Civil Action No.: 05-0352</u>

Dear Sir/Madam:

  Enclosed for filing and docketing in the above matter, please find certified copies of the state court records.

  Kindly date-stamp the enclosed copy of this letter and return it in the self-addressed, stamped envelope.

  Thank you for your attention to this matter.

           Very truly yours,

           JACKSON LEWIS LLP

           Richard W. Paterniti

RWP/ks
Enclosures
cc: David J. Kerman
   Johannes Z. Zlahn

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SCOTT SIEGAL,

Plaintiff,

vs.

MASCOT PETROLEUM COMPANY, INC.
A SUBSIDIARY OF SUNOCO, INC. (R & M)[1]

Defendant.

05 C 10648 GAO

## NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Defendant, Mascot Petroleum Company, Inc. a Subsidiary of Sunoco, Inc. (R & M) ("Sunoco"), respectfully submits that:

1. On or about March 17, 2005, Sunoco was served with a Summons and Complaint in a matter entitled Scott Siegal v. Mascot Petroleum Company, Inc. A Subsidiary of Sunoco, Inc. (R & M), Civil Action No. 05-0352, which was filed in Massachusetts Superior Court, Essex County. On March 17, 2005, Defendant also received a Tracking Order associated with this case.

2. The process, pleadings, and orders served upon Sunoco to date in this matter, copies of which are attached hereto as Exhibit A, are as follows:

    a. Summons;

    b. Complaint; and

---

[1] Defendant has been improperly named in this case as "Mascot Petroleum Company, Inc. a Subsidiary of Sunoco, Inc. (R & M)." In fact, Mascot Petroleum Company, Inc. is a division of Sunoco, Inc. (R&M).

# Commonwealth of Massachusetts
## County of Essex
## The Superior Court

CIVIL DOCKET# ESCV2005-00352

Siegal

vs.

Mascot Petroleum Company Inc

---

## ORDER OF TRANSFER (remand)

Pursuant to Massachusetts General Laws Chapter 231, Section 102C, as amended, and in accordance with Superior Court Rule 29, the above referenced case is

ORDER transferring case to United States District Court

Dated at Lawrence, Massachusetts this 8th day of April, 2005.

Thomas H. Driscoll Jr.,
Clerk of the Courts

BY: ............................................
Deputy Assistant Clerk

Telephone: (978) 687-7463

A TRUE COPY. ATTEST.
............................................
DEPUTY ASST. CLERK

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 5-0352 D | Trial Court of Massachusetts Superior Court Department County: ESSEX |
|---|---|---|
| PLAINTIFF(S) SCOTT SIEGAL | | DEFENDANT(S) MASCOT PETROLEUM COMPANY, INC. A SUBSIDIARY OF SUNOCO, INC. (R&M) |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Johannes Z. Zlahn, Regan Associates, Chartered, 45 School Street, 3rd Floor Boston, MA 02110 Board of Bar Overseers number: BBO# 565218-B | | ATTORNEY (if known) |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrimination | ( F ) | ( X ) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................$
2. Total Doctor expenses ............................................$
3. Total chiropractic expenses ......................................$
4. Total physical therapy expenses .................................$
5. Total other expenses (describe) ..................................$
   Subtotal $.............

B. Documented lost wages and compensation to date .................$17,000.00
C. Documented property damages to date ...........................$
D. Reasonably anticipated future medical and hospital expenses ....$
E. Reasonably anticipated lost wages ...............................$60,000.00
F. Other documented items of damages (describe)
   $.............

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   The Defendant discriminated against the Plaintiff on the basis of his race, in violation of Massachusetts General Laws Chapter 151B. This act...
   $.............
   TOTAL $.77,000.00

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

A TRUE COPY ATTEST
*[signature]*
DEPUTY ASST CLERK

TOTAL $...........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT
   None

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record *[signature]*  DATE: 3/1/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                           ESSEX SUPERIOR COURT
                                                     C. NO:

---

SCOTT SIEGAL,                                *
          Plaintiff                          *
                                             *
vs.                                          *
                                             *
MASCOT PETROLEUM COMPANY., INC.              *
A SUBSIDIARY OF SUNOCO, INC. (R&M),          *
          Defendant                          *
                                             *

---

## COMPLAINT AND JURY CLAIM

### INTRODUCTION

1. This civil action arises out of the employment of the Plaintiff, Scott Siegal (hereinafter "the Plaintiff") by the Defendant, Mascot Petroleum Company, Inc., a subsidiary of Sunoco, Inc. (R&M) (hereinafter "the Defendant"). The complaint is in two counts, seeking money damages and other relief on account of the Defendant's discriminatory treatment and termination of the Plaintiff. The claims include discrimination on the basis of race and unlawful/wrongful termination.

### THE PARTIES

2. The Plaintiff is an adult residing at 9 Abbott Road, Gloucester, Essex County, Commonwealth of Massachusetts.

3. The Defendant is a corporation duly organized and existing under the laws of the State of Pennsylvania, with a principal place of business at Ten Penn Center, 1801 Market Street, Philadelphia, Pennsylvania.

### FACTUAL BACKGROUND

4. The Plaintiff brings this action pursuant to the provisions of Massachusetts General Laws ("M.L.G.") Chapter 151B, Sections 4 and 9, for money damages to compensate him for the economic loss and other damages caused by the unlawful employment action taken against him by the Defendant because of his race.

A TRUE COPY ATTEST
_Paula J. Melnick_
DEPUTY ASST. CLERK

5. On March 15, 2004, the Plaintiff filed a complaint with the Massachusetts Commission Against Discrimination ("MCAD"), alleging that the Defendant discriminated against him on the basis of his race by terminating his employment and replacing him with a member of another race.

6. The Plaintiff brings this action after more than ninety (90) days have elapsed from the time he originally filed his complaint of discrimination with the MCAD. Thus, the Plaintiff has satisfied all prerequisites to suit under M.G.L. Chapter 151B.

7. The Plaintiff began his employment with the Defendant in December, 2002 as a sales associate. From the date of his employment until April 8, 2003, the Plaintiff performed his job responsibilities satisfactorily and received no warnings, reprimands, or suspensions.

8. In or about February, 2003, a co-worker told the Plaintiff that an individual named Ishmael was returning to the United States "to get his job back." The co-worker then said to the Plaintiff "watch your back I've seen this sort of thing before, people will be falsely accused. One of us will be fired."

9. On April 8, 2003, the Plaintiff was involved in an accident and suffered back injury. Although he was experiencing pains in his back, the Plaintiff went to work on that day. Approximately two hours after he began his shift, the Plaintiff experienced increased pains and went to the hospital.

10. When he returned from the hospital on April 8, 2003, the Plaintiff provided his manager with a doctor's note, advising that the Plaintiff must remain out of work for two days.

11. On April 10, 2003, the Plaintiff was reevaluated by his doctor and was ordered to remain out of work until April 14, 2003. After another reevaluation of the Plaintiff on May 5, 2003, his doctor ordered him to remain out of work until May 11, 2003.

12. On May 6, 2003, the Plaintiff's manager terminated his employment on the ground that he had a cash shortage of $23.00.

13. On information and belief, Ishmael is a Parkistani Muslim and the Plaintiff's manager is an Egytian Muslim.

14. Two days after the Plaintiff was terminated by the Defendant, Ishmael was hired to replace the Plaintiff.

15. In or about May, 2003, the Plaintiff filed a complaint with the Defendant's ethics department, alleging that his manager had discriminated against him on the basis of his race. The Defendant promised to conduct an investigation and furnish the Plaintiff with its findings but failed to do so.

16. On information and belief, the Plaintiff was terminated in order for Ishmael to be employed.

17. On information and belief, the Plaintiff was terminated because he is a white person and the manager wanted tore place him, and did replace him, with a nonwhite person.

### COUNT I—M.G.L. c. 151B-DISCRIMINATION BASED ON RACE

18. The Plaintiff adopts and incorporates by reference paragraphs 1 through 17 of his complaint as set forth in full.

19. The Defendant, through the actions of its agents and employees acting within the course and scope of their employment, discriminated against the Plaintiff based on his race and national origin by terminating his employment, in violation of M.G.L. c. 151B.

20. As a direct result and foreseeable consequence thereof, the Plaintiff suffered loss of income and employment benefits, suffered other pecuniary and non-pecuniary losses and suffered humiliation, embarrassment and emotional and mental distress.

21. The Defendant, through the actions of its agents and employees acting within the course and scope of their employment, committed the above-described acts maliciously, with the wrongful intention of injuring the Plaintiff, and acted with improper and evil motive amounting to malice, and in conscious disregard of the Plaintiff's rights.

22. Because the actions taken towards the Plaintiff were carried out in a despicable, deliberate, cold, callous and intentional manner, with malice in order to injure the Plaintiff, the Plaintiff is entitled to punitive damages in an amount to be determined at trial.

**WHEREFORE,** the Plaintiff demands judgment against the Defendant on each count, and demands that damages be established and Plaintiff be awarded same, together with costs, interest and reasonable attorney's fees.

### COUNT II—UNLAWFUL/WRONGFUL TERMINATION

23. The Plaintiff adopts and incorporates by reference paragraphs 1 through 22 of his complaint as set forth in full.

24. During the course of his employment with the Defendant, the Plaintiff performed his job responsibilities in a satisfactory manner and otherwise capably performed all tasks assigned to him.

25. The Defendant, through the actions of its agents and employees acting within the course and scope of their employment, unlawfully and wrongfully terminated the Plaintiff's employment in order to replace him with a nonwhite person. The Plaintiff's termination was unlawful and wrongful because it was based on his race.

26. As a direct result and foreseeable consequence thereof, the Plaintiff suffered loss of income and employment benefits, suffered pecuniary and non-pecuniary losses and suffered emotional and mental distress.

**WHEREFORE,** the Plaintiff demands judgment against the Defendant on each count and demands that damages be established and the Plaintiff be awarded same, together with costs, interest and reasonable attorney's fees.

                                        Plaintiff, Scott Siegal
                                        By his attorney,

                                        Regan Associates, Chartered

                                        Johannes Z. Zlahn (BBO# 565218-B)
                                        45 School Street, Third Floor
                                        Boston, MA 02108
                                        (617) 367-1100, Ext. 710

Commonwealth of Massachusetts
ESSEX SUPERIOR COURT
Case Summary
Civil Docket

### ESCV2005-00352
**Siegal v Mascot Petroleum Company Inc**

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 03/02/2005 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 04/08/2005 | **Session** | D - Civil-CtRm 2 (Lawrence) | | |
| **Origin** | 1 | **Case Type** | B22 - Employment Discrimination | | |
| **Lead Case** | | **Track** | F | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 05/31/2005 | **Answer** | 07/30/2005 | **Rule12/19/20** | 07/30/2005 |
| **Rule 15** | 07/30/2005 | **Discovery** | 12/27/2005 | **Rule 56** | 01/26/2006 |
| **Final PTC** | 02/25/2006 | **Disposition** | 04/26/2006 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Scott Siegal
Gloucester, MA 01930
Active 03/02/2005

**Private Counsel 565218**
Johannes Z Zlahn
45 School Street Third Floor
Boston, MA 02108
Active 03/02/2005 Notify

**Defendant**
Mascot Petroleum Company Inc
Ten Penn Center
1801 Market Street
Philadelphia, PA 19019
A Subsidiary of Sunoco Inc R&M
Served: 03/07/2005
Served (answr pending) 03/07/2005

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 03/02/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 03/02/2005 | | Origin 1, Type B22, Track F. |
| 03/07/2005 | 2.0 | SERVICE RETURNED: Mascot Petroleum Company Inc(Defendant) certified mail, return receipt |
| 04/08/2005 | 3.0 | Certified copy of notice of removal filed 4/7/05 |
| 04/08/2005 | 4.0 | ORDER transferring case to United States District Court |
| 04/08/2005 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

A TRUE COPY ATTEST
*[signature]*
DEPUTY ASST.

**Commonwealth of Massachusetts**
County of Essex
The Superior Court

CIVIL DOCKET# **ESCV2005-00352-D**

RE:  **Siegal v Mascot Petroleum Company Inc et al**

TO: Johannes Z Zlahn, Esquire
45 School Street Third Floor
Boston, MA 02108

### TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 05/31/2005 |
| Response to the complaint filed (also see MRCP 12) | 07/30/2005 |
| All motions under MRCP 12, 19, and 20 filed | 07/30/2005 |
| All motions under MRCP 15 filed | 07/30/2005 |
| All discovery requests and depositions completed | 12/27/2005 |
| All motions under MRCP 56 served and heard | 01/26/2006 |
| Final pre-trial conference held and firm trial date set | 02/25/2006 |
| Case disposed | 04/26/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session D sitting in **CtRm 2 (Lawrence)** at Essex Superior Court.

Dated: 03/03/2005

Thomas H. Driscoll Jr.
Clerk of the Courts

BY: Philip Massa
Assistant Clerk

Location: CtRm 2 (Lawrence)
Telephone: (978) 687-7463

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website as to status of case: http://ma-trialcourts.org/tcic

cvdtracf_2.wpd 530206 midoc01 exarhose

A TRUE COPY, ATTEST
*[signature]*
DEPUTY ASS'T CLERK