UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

SCOTT SIEGAL,

    Plaintiff,

vs.

MASCOT PETROLEUM COMPANY, INC.
A SUBSIDIARY OF SUNOCO, INC. (R & M)[1]

    Defendant.

Civil Action No. 05-10648-GAO

---

## ASSENTED-TO MOTION FOR LEAVE TO FILE A REPLY MEMORANDUM

Defendant, Mascot Petroleum Company, Inc. a Division of Sunoco, Inc. (R&M) ("Sunoco"), hereby moves for leave to file a reply memorandum to Plaintiff's opposition to the motion to dismiss.[2] In support of its motion, Defendant states as follows: (1) Plaintiff's opposition reflects a misapprehension of the controlling legal principles; and (2) Defendant's reply memorandum may be useful to the Court in resolving the pending motion to dismiss.

WHEREFORE, Defendant respectfully requests that its Motion for Leave to File a Reply Memorandum be allowed.

---

[1] Defendant has been improperly named in this case as "Mascot Petroleum Company, Inc. a Subsidiary of Sunoco, Inc. (R & M)." In fact, Mascot Petroleum Company, Inc. is a division of Sunoco, Inc. (R&M).

[2] For the convenience of the Court, a copy of the proposed reply memorandum is submitted herewith.

**CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)**

Defendant certifies that it conferred with Plaintiff in good faith in an attempt to resolve this matter and Plaintiff, through his counsel, indicated his assent to this motion.

Respectfully submitted,

MASCOT PETROLEUM COMPANY, INC.
A DIVISION OF SUNOCO, INC. (R & M)

By its attorneys,

/s/Richard W. Paterniti
David J. Kerman (BBO #269370)
Richard W. Paterniti (BBO #645170)
JACKSON LEWIS LLP
75 Park Plaza
Boston, Massachusetts 02116
(617) 367-0025

Dated: May 18, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

SCOTT SIEGAL,

    Plaintiff,

vs.

MASCOT PETROLEUM COMPANY, INC.
A SUBSIDIARY OF SUNOCO, INC. (R & M)[1]

    Defendant.

Civil Action No. 05-10648-GAO

---

## REPLY MEMORANDUM OF DEFENDANT TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Defendant, Mascot Petroleum Company, Inc. a Division of Sunoco, Inc. (R&M) ("Sunoco"), submits this Reply Memorandum to respond to the Opposition of Plaintiff Scott Siegal to Defendant's Motion to Dismiss Plaintiff's Complaint.

On or about April 20, 2005, Defendant moved to dismiss Plaintiff's Complaint. On or about April 28, 2005, Plaintiff filed his opposition to that motion. In his opposition, Plaintiff only opposes Defendant's motion to dismiss Count I of his Complaint.[2] Because Plaintiff's opposition reflects a misapprehension of the controlling legal principles, Defendant submits this memorandum in reply to Plaintiff's opposition and in further support of its motion to dismiss.

    I.    **Plaintiff's Complaint Is Time Barred Because He Did Not File His Charge Of Discrimination Within 300 Days Of The Date Of The Alleged Discrimination**

In his opposition, Plaintiff acknowledges that his charge of discrimination was not filed with the Massachusetts Commission Against Discrimination ("MCAD") within 300 days of the

---

[1] Defendant has been improperly named in this case as "Mascot Petroleum Company, Inc. a Subsidiary of Sunoco, Inc. (R & M)." In fact, Mascot Petroleum Company, Inc. is a division of Sunoco, Inc. (R&M).

[2] Plaintiff does not oppose Defendant's motion to dismiss Count II of his Complaint. As such, Count II should be dismissed.

termination of his employment, the alleged act of discrimination on which he bases his claim. It is undisputed that Plaintiff did not file his charge of discrimination until March 15, 2004, which was more than 300 days from the date of the termination of his employment, May 6, 2003.[3]

### II. The Statute Of Limitations For Filing The Charge Of Discrimination Is Not Tolled Under 804 CMR 1.10(2)

To avoid his failure to timely file a charge of discrimination in this case, Plaintiff claims that he is entitled to equitable tolling under a MCAD regulation, 804 CMR 1.10(2) (2002). Specifically, Plaintiff alleges that his complaint to Defendant's Human Resources Department following the termination of his employment tolled the statute of limitations. Plaintiff's argument, however, fails because he is not entitled to the protections under 804 CMR 1.10(2).

804 CMR 1.10(2)[4] provides a very narrow exception to the 300-day statute of limitations: "the 300 day requirement shall not be a bar to filing in those instances where facts are alleged which indicate that the unlawful conduct complained of is of a continuing nature, **or when pursuant to an employment contract, an aggrieved person enters into grievance proceedings concerning the alleged discriminatory act(s)** within 300 days of the conduct complained of and subsequently files a complaint within 300 days of the outcome of such proceeding(s)." (emphasis added) Plaintiff contends that his complaint to the Human Resources Department after his employment was terminated was made pursuant to a provision in the employee handbook, and, therefore, he is entitled to the tolling set forth in the above MCAD regulation. Plaintiff's argument fails, however, because the regulation on which he relies is inapplicable to the case at bar for two separate and independent reasons.

---

[3] The statute of limitations begins to run at the time of the occurrence of the act of discrimination. See DeFazio v. Delta Airlines, Inc., 849 F. Supp. 98 (D. Mass. 1994), aff'd by 1994 U.S. App. LEXIS 22901 (1st Cir. 1994); Sereni v. Star Sportswear Manufacturing, Corp., 24 Mass. App. Court 428 (1987), review denied, 400 Mass. 1107.

[4] When relying on this regulation and when citing to the statute of limitations, Plaintiff incorrectly argues that the statute of limitations is six months. Chapter 151B, Section 5 was amended to increase the statute of limitations to 300 days. This amendment became effective in 2002, before Plaintiff's employment was terminated. See St. 2002, c. 223, § 1.

First, 804 CMR 1.10(2) only applies to situations where there are grievance proceedings pursuant to an **"employment contract."** In this case, however, there is no employment contract on which Plaintiff may rely. Indeed, Plaintiff does not even contend that he had any employment contract with Defendant, because no such contract existed. The policy on which Plaintiff relies for making a complaint to the Human Resources Department was a policy entitled "Sexual Harassment/Discrimination Policy." Plaintiff has not presented any evidence that this policy was part of a negotiated employment agreement.

In addition, the case law reveals that the tolling provision in 804 CMR 1.10(2) has only been applied in cases involving **union grievances** filed pursuant to a **collective bargaining agreement** ("CBA"). In those cases, employees filed grievances pursuant to CBAs between their employer and their union and then, after the grievance was decided, the employees filed charges at the MCAD. See DeSando v. Lucent Technologies, 193 F. Supp. 2d 358 (D. Mass. 2002)(plaintiff filed union grievance under CBA, but case was time barred because he filed charge more than six months after grievance was closed); Zereski v. American Postal Workers Union, 2001 Mass. Comm. Discrim. LEXIS 69 (2001)(statute of limitations tolled in sexual harassment claim because postal worker filed grievance pursuant to CBA and then filed charge within six months of outcome of grievance). Contrary to the cases cited above, Plaintiff in this case was not a member of a union and did not file a grievance pursuant to a CBA. As a result, his argument that he is entitled to the tolling provisions of 804 CMR 1.10(2) fails. Not surprisingly, Plaintiff fails to cite to even one case in support of his contention that the statute of limitations should be tolled in this case pursuant to 804 CMR 1.10(2).

For all of the above reasons, 804 CMR 1.10(2) is inapplicable and Plaintiff's Complaint should be dismissed for failing to comply with the 300-day limitations period set forth in G.L. c. 151B, §5.

### III. Defendant Did Not Encourage Plaintiff Into Inaction

Plaintiff also contends that the statute of limitations should be tolled because Defendant "encouraged the Plaintiff into inaction." Specifically, Plaintiff contends that after making a complaint to the Human Resources Department following the termination of his employment, he failed to file a charge of discrimination because he was awaiting a response from the Human Resources Department. He then asserts that because the Department did not provide a response to him, he eventually filed a charge of discrimination. Plaintiff's contention that Defendant lulled him into inaction cannot withstand scrutiny. Simply put, Defendant did nothing to prevent or discourage Plaintiff from filing a charge of discrimination with the MCAD.

Plaintiff's tolling argument is based upon misplaced and miscited case law. In making this argument, Plaintiff relies on <u>Cherella v. Phoenix Technologies, Ltd.</u>, 32 Mass. App. Court 919, 920 (1992) and <u>Manno v. BJ's Wholesale Club</u>, 150 F. Supp. 2d 325 (D. Mass. 2001). In <u>Cherella</u>, the Court **rejected** the plaintiff's argument that the statute of limitations was tolled due to his mental illness. <u>See</u> <u>Cherella</u>, 32 Mass. App. Ct. at 920. <u>Cherella</u>, therefore, offers no support to Plaintiff's contention that equitable tolling should be applied in this case. Moreover, Plaintiff miscites and misapplies <u>Manno</u>. In that case, an employee complained during her employment that she was subjected to a hostile work environment. <u>See</u> <u>Manno</u>, 150 F.Supp.2d at 330. The Court held that the statute of limitations began to run from the date that the plaintiff complained of the sexual harassment. <u>Id.</u> at 333. This holding was based on the "continuing violation doctrine" in a sexual harassment case where the conduct allegedly included more than ten separate incidents of harassment over a period of time. <u>Id.</u> at 332-333. Unlike that case, Plaintiff in this case asserts a single act of discrimination, the termination of his employment. As a result, <u>Manno</u> is inapplicable to the case at bar and does not support Plaintiff's arguments.

4

Plaintiff's tolling argument constitutes an attempt to invoke the doctrine of equitable estoppel. Equitable estoppel, however, is inapplicable to the facts of this case. The case law recognizes that to establish an equitable modification of the limitations period, "an employee must prove not only that he was unaware of the employer's discriminatory animus but also that the employer actively misled him, to his detriment." Morris v. The Government Development of Puerto Rico, 27 F.3d 746, 750 (1st Cir. 1994) (citing Jensen v. Frank, 912 F.2d 517, 521 (1st Cir. 1990).

Here Plaintiff cannot satisfy either of the two requirements set forth in Morris. First, Plaintiff has acknowledged that he was contemporaneously aware of Defendant's alleged discriminatory animus during the operative event in this case: the termination of his employment in May, 2003. Indeed, according to Plaintiff, he complained to the Human Resources Department "immediately after [his] termination, alleging the [he] had been discriminated against on the basis of [his] race and national origin." See Affidavit of Siegal at ¶ 5. See also Williams v. Raytheon Co., 220 F.3d 16, 20 (1st Cir. 2000) (rejecting Plaintiff's reliance on continuing violation doctrine and holding that statute of limitations on c. 151B claim began to run when the plaintiff learned that his employer had decided to terminate his employment)

Second, Plaintiff does not and cannot identify any evidence demonstrating that he failed to make a timely administrative filing because Defendant "actively misled" him. In order for Plaintiff to prove that he relied on Defendant's deceptive conduct, Plaintiff would need to demonstrate that Defendant engaged in conduct that "caused [him] to delay bringing [his charge], or otherwise lulled [him] into believing that it was not necessary for [him] to commence litigation." American Airlines v. Cardoza-Rodriguez, 133 F.3d 111, 124 (1st Cir. 1998) (citations omitted). Here, Plaintiff cannot prove that any such conduct occurred. While Plaintiff alleges that Sunoco caused him to delay bringing his charge because it promised to investigate his

5

complaint, such an argument is legally insufficient to establish that Defendant "actively misled" Plaintiff to his detriment.  See e.g. Ruffino v. State Street Bank and Trust Company, 908 F.Supp. 1019 (D.Mass. 1995) (rejecting tolling argument because plaintiff knew that the defendants' conduct might give rise to a complaint of discrimination, and finding that it was not reasonable for the plaintiff to put off filing her charge simply because the employer promised to investigate the allegations).

In addition, Plaintiff cannot possibly demonstrate any detrimental reliance in light of his explicit admission that he was well aware of Defendant's allegedly unlawful motivation at the time of his May 6, 2003 termination.  See Jensen, 912 F. 2d at 521 (in order to establish equitable tolling of limitations period, employee must show that employer succeeded in actively misleading him and that he had no reason to be aware of the employer's improper motivation).

In the end, Plaintiff cannot circumvent his failure to timely file a charge of discrimination in this case.  While he attempts to avoid this failure by alleging that he was "encouraged into inaction," his arguments are plainly insufficient to toll the statute of limitations under governing law.  The statute of limitations in this case began to run when Plaintiff's employment was terminated on May 6, 2003 and it is undisputed that Plaintiff did not file a charge of discrimination until more than 300 days after the date of his termination.  For these reasons, Plaintiff's Complaint should be dismissed.

## **CONCLUSION**

For the reasons stated above, and for those reasons stated in Defendant's Motion to Dismiss, Defendant requests that this Court dismiss Plaintiff's Complaint in its entirety.

Respectfully submitted,

MASCOT PETROLEUM COMPANY, INC.
A DIVISION OF SUNOCO, INC. (R & M)

By its attorneys,


/s/Richard W. Paterniti
David J. Kerman (BBO #269370)
Richard W. Paterniti (BBO #645170)
JACKSON LEWIS LLP
75 Park Plaza
Boston, Massachusetts 02116
(617) 367-0025

Dated: May 18, 2005

7