UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10648-GAO

SCOTT SIEGAL,
Plaintiff,

v.

MASCOT PETROLEUM COMPANY, INC.,
a subsidiary of SUNOCO, INC. (R&M),
Defendant.

**ORDER**
August 3, 2005

O'TOOLE, D.J.

In this employment discrimination action, the defendant Mascot Petroleum Company, Inc., a subsidiary of Sunoco, Inc. (R&M) ("Sunoco") moves to dismiss the plaintiff Scott Siegal's two count complaint, which alleges that Sunoco violated Mass. Gen. Laws ch. 151B when it wrongfully terminated the plaintiff's employment based on his race. For the reasons that follow, the motion (Dkt. No. 2) is DENIED as to Count I but GRANTED as to Count II.

In his complaint, Siegal, who is white, alleges that his manager at Sunoco, who is a Muslim, terminated his employment on May 6, 2003 in order to replace him with someone who is not white and who is also a Muslim. Shortly after he was terminated in May 2003, Siegal filed a complaint with Sunoco's ethics department alleging that his manager had discriminated against him on account of his race. Siegal also alleges that Sunoco "promised to conduct an investigation and furnish [him] with its findings but failed to do so." Compl. ¶ 15. On March 15, 2004, Siegal filed a complaint with the Massachusetts Commission Against Discrimination ("MCAD") alleging that Sunoco discriminated

against him on the basis of his race by terminating his employment and replacing him with a member of another race.

Sunoco argues that Siegal's chapter 151B claim is time barred because he did not file his complaint with the MCAD "within 300 days after the alleged act of discrimination," as is required under Mass. Gen. Laws ch. 151B, § 5.[1]  Siegal does, however, allege facts which–taken as true for the purposes of the motion to dismiss–could support a finding that the 300 day statute of limitations in section five of chapter 151B is subject to equitable tolling in this case.  The doctrine of equitable tolling is available where the defendant has "affirmatively misled the plaintiff."  Davis v. Lucent Techs., Inc., 251 F.3d 227, 234 (1st Cir. 2001) (quoting Andrews v. Arkwright Mut. Ins. Co., 673 N.E.2d 40, 41 (Mass. 1996)).  Siegal alleges that Sunoco promised to investigate his complaint of discrimination and provide him with its findings, but the company failed to do so.  Although the doctrine of equitable tolling is generally reserved for exceptional cases, id., factual issues pertinent to the tolling question–i.e. whether the defendant's promise affirmatively mislead the plaintiff, remain which make dismissal of Count I inappropriate at this stage in the litigation.  Mercado v. Ritz-Carlton San Juan Hotel, Spa & Casino, 410 F.3d 41, 48-49 (1st Cir. 2005).

While Count I of Siegal's complaint survives the defendant's present statute of limitations challenge, Siegal's attempt in Count II to allege a separate cause of action for wrongful termination

---

[1] Siegal does not allege in his complaint that the discriminatory conduct was continuing in nature or that he entered into grievance proceedings with Sunoco pursuant to an employment contract.  See Mass. Regs. Code. tit. 804, § 1.10(2) (2005) ("[T]he 300 day requirement shall not be a bar to filing in those instances where facts are alleged which indicate that the unlawful conduct complained of is of a continuing nature, or when pursuant to an employment contract, an aggrieved person enters into grievance proceedings concerning the alleged discriminatory act(s) within 300 days of the conduct complained of and subsequently files a complaint within 300 days of the outcome of such proceeding(s).").

based on the same discriminatory acts alleged in Count I must fail.  See Green v. Wyman-Gordon Co., 664 N.E.2d 808, 813 (Mass. 1996) ("Insofar as the plaintiff's common law claims are merely recast versions of her . . . claims under c. 151B, they are barred by that statute's exclusivity provision.").  Count II is dismissed.

    It is SO ORDERED.


August 3, 2005                              \s\ George A. O'Toole, Jr.
DATE                                        DISTRICT JUDGE