UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

SCOTT SIEGAL,

    Plaintiff,

vs.

MASCOT PETROLEUM COMPANY, INC.
A SUBSIDIARY OF SUNOCO, INC. (R & M)[1]

    Defendant.

C. A. No. 05-CV-10648 GAO

---

### MOTION OF DEFENDANT FOR RECONSIDERATION OF COURT ORDER ON MOTION TO DISMISS

Defendant, Mascot Petroleum Company, Inc., a Division of Sunoco, Inc. (R&M) ("Sunoco"), hereby moves for reconsideration of the Court's August 3, 2005 Order, which granted Sunoco's Motion to Dismiss on Count II of the Complaint, but denied Sunoco's Motion to Dismiss on Count I. The Court held that factual issues remained as to whether the doctrine of equitable tolling applies to Plaintiff's discrimination claim in Count I to excuse Plaintiff's failure to file his charge within the limitations period established by G.L. c. 151B, §5. As discussed below, Sunoco respectfully submits that its Motion to Dismiss Count I should be granted, because Plaintiff's allegations plainly fail to meet the well settled standard for equitable tolling.

### ARGUMENT

In its decision, the Court correctly explains that the doctrine of equitable tolling "is generally reserved for exceptional cases." The Court then holds that factual issues remain as to whether Sunoco's alleged promise to investigate Plaintiff's complaint of discrimination

---

[1] Defendant has been improperly named in this case as "Mascot Petroleum Company, Inc. a Subsidiary of Sunoco, Inc. (R & M)." In fact, Mascot Petroleum Company, Inc. is a division of Sunoco, Inc. (R&M).

following the termination of his employment affirmatively misled the Plaintiff to excuse his failure to timely file a charge of discrimination. In reaching this conclusion, the Court relies on Davis v. Lucent Technologies, Inc., 251 F.3d, 227, 234 (1st Cir. 2001) and Mercado v. Ritz Carlton San Juan Hotel, Spa & Casino, 410 F.3d, 41, 48-49 (1st Cir. 2005). Significantly, however, Plaintiff's claim does not meet the strict standard for equitable tolling, because he does not present an "exceptional case." Davis, 251 F.3d at 234.

1.  **Plaintiff's Own Allegations Reveal That He Was Aware Of His Rights Before The Filing Deadline**

    Plaintiff alleges that his employment was terminated on May 6, 2003 because of his race. (Complaint at ¶12, 15). He then claims that in May, 2003, he "filed a complaint with Defendant's ethics department" and that "Defendant promised to conduct an investigation. . . but failed to do so." (Complaint at ¶15). In his affidavit, Plaintiff asserts that after waiting nine months for a response from Defendant to his complaint, he contacted an attorney to get "some advice about (his) rights." (Aff. of Siegal at ¶8). He admits that he spoke with Attorney Johannes Zlahn on February 27, 2004, **prior** to the 300-day statute of limitations deadline. Id. Plaintiff also admits that at that meeting, Attorney Zlahn advised him that he "must file a complaint with the Massachusetts Commission Against Discrimination" if he believed he had been discriminated against. Id. Because the filing deadline for his charge of discrimination was March 1, 2004, and because Attorney Zlahn clearly advised Plaintiff of his rights prior to the expiration of the statute of limitations, Plaintiff cannot logically assert that Defendant's alleged conduct prevented him from filing a timely charge of discrimination.

    In an attempt to avoid dismissal, Plaintiff misleads the Court by alleging that he did not know of the Commission's existence within *six months* of the termination of his employment. (Aff. of Siegal at ¶9). Similarly, he claims that he believed he was required to file a complaint

with the Commission within *six months* of the occurrence of an alleged discriminatory act. (Aff. of Siegal at ¶9). Plaintiff's ignorance of the statute of limitations is no defense in this case.[2] By alleging that the statute of limitations was six months, Plaintiff attempts to conceal the fact that he consulted with an attorney before the end of the 300-day limitations period. Plaintiff, however, cannot avoid the fact that he had been advised by an attorney of his statutory rights under G.L. c.151B **prior** to the end of the limitations period. Therefore, regardless of whether Sunoco "misled" the Plaintiff with regard to his complaint of discrimination, Plaintiff was aware of his rights prior to the expiration of the statute of limitations, and accordingly, he is not entitled to equitable tolling in this case because of the absence of any detrimental reliance.

2.      **Case Law Relied On By The Court Supports The Dismissal Of Count I**

The cases relied on by this Court in its decision on the Motion to Dismiss further support dismissal in this case. For instance, in Davis, the plaintiff claimed that the EEOC affirmatively misled her as to her rights in filing a charge of discrimination. In support of her allegations, the plaintiff offered a letter that she sent to the EEOC in which she alleged that an investigator at the EEOC had refused to let her amend her charge within the statute of limitations. The First Circuit rejected this evidence and declined to apply the doctrine of equitable tolling, concluding that there was "no cognizable evidence that either the EEOC or the MCAD made statements that could be characterized as affirmatively misleading." Davis, 251 F.3d at 235 (citing Andrews v. Arkwright Mut. Ins. Co., 673 NE 2d, 40, 41 (Mass. 1996).[3] Similar to Davis, Plaintiff has

---

[2] Knowledge of one's rights does not mean specific awareness of the statutory filing period, rather, knowledge occurs when an employee becomes generally aware that he possesses a legal right to be free from the type of discrimination he has alleged. See Mercado, 410 F.3d at 48 (citations omitted).

[3] The Massachusetts Supreme Judicial Court's decision in Andrews also supports dismissal in this case. In Andrews, the Court affirmed dismissal of the plaintiff's complaint because she failed to file a timely charge of discrimination with the MCAD. In that case, the plaintiff had spoken with an attorney prior to the filing deadline. See Andrews, 673 N.E.2d at 41-42. The Court held that because the plaintiff spoke with an attorney before the deadline and because neither the MCAD or the employer engaged in conduct that "may have dissuaded" the plaintiff

3

offered no evidence that Sunoco made statements that were affirmatively misleading. Defendant allegedly stated that it would investigate his claim.[4] This general statement is "no[t] cognizable evidence" that could be characterized as "affirmatively misleading." Therefore, based on Davis, Plaintiff has failed to allege evidence to support the application of equitable tolling in this case.

In Mercado, plaintiffs alleged that they failed to meet the filing deadline because defendant failed to post statutorily mandated notices of their employment rights. See Mercado, 410 F.3d at 46. In analyzing the plaintiffs' equitable tolling contention, the First Circuit explained that courts "should employ equitable tolling sparingly." Id. The Court identified five factors to weigh when considering whether to allow equitable tolling: (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the filing requirement. Id. at 48.

Contrary to the plaintiffs in Mercado, however, Plaintiff here cannot allege that he was unaware of the filing requirements because of a failure to post notices. Moreover, the equitable tolling factors identified in Mercado militate in favor of dismissing Count I. Specifically, Plaintiff admits that he consulted with an attorney, who advised him of his legal rights and the filing procedures at the Commission, prior to the expiration of the statute of limitations. (Aff. of Siegal at ¶ 8). As such, Plaintiff had **actual notice** of the filing requirements for a charge of

---

from filing a charge, the charge was untimely. Id. Similarly, in this case, Plaintiff spoke with an attorney prior to the filing deadline and Sunoco did not try to dissuade him from filing a complaint. The decision in Andrews, therefore, supports dismissal of this case.

[4] As explained in Defendant's reply memorandum, while Plaintiff alleges that Sunoco caused him to delay bringing his charge because it promised to investigate his complaint, such an argument is legally insufficient to establish that Defendant "actively misled" Plaintiff to his detriment. See e.g. Ruffino v. State Street Bank and Trust Company, 908 F.Supp. 1019 (D.Mass. 1995) (rejecting tolling argument because plaintiff knew that the defendants' conduct might give rise to a complaint of discrimination, and finding that it was not reasonable for the plaintiff to put off filing her charge simply because the employer promised to investigate the allegations).

discrimination. Simply put, "equitable tolling does not apply . . . if an employee is actually or constructively aware of his or her [statutory discrimination] rights." American Airlines, Inc. v. Cardoza-Rodriguez, 133 F.3d 111, 124 (1st Cir. 1998). In addition, Plaintiff admits that he waited nine months before consulting with an attorney after not receiving a response from Defendant. (Aff. of Siegal at ¶ 8). Such conduct reveals Plaintiff's lack of diligence in pursuing his rights.

In the final analysis, regardless of the import accorded to Plaintiff's allegation that Defendant "promised" to investigate his complaint, Plaintiff cannot satisfy the detrimental reliance requirement of the equitable tolling doctrine, where as here, he admits that (a) he was aware of the Defendant's allegedly discriminatory motivation at the time of the May 2003 employment decision, and (b) he was explicitly aware of his statutory rights prior to the expiration of the 300-day limitations period. See Jensen v. Frank, 912 F.2d 517, 521 (1st Cir. 1990) (to qualify for equitable tolling, an employee "must allege and prove, at the least, not only that he had no reason to be aware of his employer's improper motivation when the putative violation occurred, but also that the employer actively misled him and that he relied on the (mis)conduct to his detriment"); Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 279 (1st Cir. 1999) (recognizing as a general matter that "equitable tolling is not appropriate unless a claimant misses a filing deadline because of circumstances effectively beyond her control (such as when her employer actively misleads her, and she relies on that misconduct to her detriment").

## CONCLUSION

For the foregoing reasons, the Defendant respectfully requests that the Court reconsider its denial of the Defendant's Motion to Dismiss Count I of the Complaint, and upon reconsideration, enter an Order dismissing Plaintiff's Complaint in its entirety.

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Defendant certifies that it conferred with Plaintiff in good faith to resolve or narrow the issue, but was unsuccessful.

Respectfully submitted,

MASCOT PETROLEUM COMPANY, INC.
A DIVISION OF SUNOCO, INC. (R & M)

By its attorneys,

/s/ Richard W. Paterniti
David J. Kerman (BBO #269370)
Richard W. Paterniti (BBO #645170)
JACKSON LEWIS LLP
75 Park Plaza
Boston, Massachusetts 02116
(617) 367-0025

Dated: August 18, 2005