UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

SCOTT SIEGAL,

    Plaintiff,

vs.

MASCOT PETROLEUM COMPANY, INC.
A SUBSIDIARY OF SUNOCO, INC. (R & M)

    Defendant.

Civil Action No. 05-10648-GAO

---

## ANSWER TO COMPLAINT AND JURY CLAIM

Defendant, Mascot Petroleum Company, Inc., a Division of Sunoco, Inc. (R&M) ("Sunoco"), answers the numbered allegations of Plaintiff's Complaint as follows:

### INTRODUCTION

1.    No response is required to this paragraph as it merely summarizes Plaintiff's allegations. To the extent this paragraph requires a response, Defendant denies the allegations in paragraph 1.

### THE PARTIES

2.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3.    Defendant denies the allegations in this paragraph as stated. Defendant is a corporation duly organized and existing under the laws of the State of Pennsylvania, and its principal place of business is 1735 Market Street, Philadelphia, PA.

## **FACTUAL BACKGROUND**

4. Defendant denies the allegations in this paragraph as it merely summarizes Plaintiff's allegations. Defendant denies that Plaintiff has been treated unlawfully or that he is entitled to any relief.

5. Defendant admits only to the allegation in this paragraph that Plaintiff filed a complaint with the MCAD on or about March 15, 2004, and states that the charge of discrimination is a document which speaks for itself. Defendant denies the remaining allegations in this paragraph.

6. Defendant admits only to the allegation in this paragraph that Plaintiff commenced this action more than ninety (90) days after he filed his complaint with the MCAD. Defendant denies the remaining allegations in this paragraph.

7. Defendant admits only to the allegation in this paragraph that Plaintiff's employment began in December 2002, and Defendant denies the remaining allegations in this paragraph.

8. Defendant denies the allegations in paragraph 8.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, except states that Plaintiff was scheduled to work on April 8, 2003, and did not work his entire shift.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, except states that the note dated April 8, 2003 is a document which speaks for itself.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, except states that the medical notes relating to the allegations in this paragraph are documents which speak for themselves.

12. Defendant denies the allegations in paragraph 12, except admits so much of this paragraph as alleges that Plaintiff's employment was terminated on about May 6, 2003 for multiple violations of company policy.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14. Defendant denies the allegations in paragraph 14.

15. Defendant denies the allegations in paragraph 15, except admits that Plaintiff made a complaint in May 2003 regarding the termination of his employment.

16. Defendant denies the allegations in paragraph 16.

17. Defendant denies the allegations in paragraph 17.

## COUNT I
## M.G.L. c.151B - DISCRIMINATION BASED ON RACE

18. Defendant re-asserts and incorporates by reference herein its responses to paragraphs 1 through 17, above.

19. Defendant denies the allegations in paragraph 19.

20 Defendant denies the allegations in paragraph 20.

21. Defendant denies the allegations in paragraph 21.

22. Defendant denies the allegations in paragraph 22.

## COUNT II
## UNLAWFUL / WRONGFUL TERMINATION

23 -26.   Defendant does not respond to the allegations in this section of Plaintiff's Complaint because this count was dismissed by the Court in its decision on August 9, 2005.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to establish a *prima facie* case of discrimination.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole, or in part, by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole, or in part, by his failure to file a timely complaint of discrimination with the Massachusetts Commission Against Discrimination.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of *estoppel*, waiver, and/or unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Every action Defendant took with respect to Plaintiff's employment was taken for legitimate business reasons.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant, at all times, made good faith efforts to comply with its obligations under the employment discrimination statutes.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to prevent or mitigate the damages, if any, allegedly sustained as a result of Defendant's conduct.

### NINTH AFFIRMATIVE DEFENSE

Defendant did not violate any duty to, or right of, plaintiff.

### TENTH AFFIRMATIVE DEFENSE

Defendant may not be held liable for punitive damages because it engaged in good faith efforts to prevent discrimination and to comply with the employment discrimination statutes.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to satisfy the procedural prerequisites to suit.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the damages sought in the Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are barred because the alleged acts, occurrences or omissions as alleged in the Complaint fail to rise to the level required to sustain an award of punitive damages, do not evidence a malicious or reckless intent to deny plaintiff his protective rights and are not wanton or willful actions by the Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for compensatory and punitive damages are barred because Defendant did not engage in unlawful, willful, or intentional discrimination.

### FIFTEENTH AFFIRMATIVE DEFENSE

In the event that plaintiff is granted relief, Defendant is entitled to an offset with respect to compensation and benefits received by Plaintiff following his employment with Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which he would be entitled to an award of attorney fees and costs.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to supplement its affirmative defenses as this case proceeds.

WHEREFORE, Defendant respectfully requests that this Court:

a.  dismiss the Complaint in its entirety with prejudice;

b.  deny each and every prayer for relief set forth in the Complaint;

c.  grant such other relief as the Court deems just and proper.

Respectfully submitted,

MASCOT PETROLEUM COMPANY, INC.
A DIVISION OF SUNOCO, INC. (R & M)

By its attorneys,

/s/ Richard W. Paterniti

_____
David J. Kerman (BBO #269370)
Richard W. Paterniti (BBO #645170)
JACKSON LEWIS LLP
75 Park Plaza
Boston, Massachusetts  02116
(617) 367-0025

Dated:  November 15, 2005

## CERTIFICATE OF SERVICE

    This is to certify that on November  15 , 2005, a copy of the foregoing document was served upon Plaintiff's attorney, Johannes Z. Zlahn, Attorney at Law, 50 Federal Street, Suite 204, Boston, MA 02110, by first-class mail, postage prepaid.

*/s/ Richard W. Paterniti*
Jackson Lewis LLP

7